# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## SOUTHERN DIVISION

|  |  |
|---|---|
| Cynthia Alexander-Stokes, | : |
|  | : |
|  | : Civil Action No.: 8:13-cv-03865 |
| Plaintiff, | : |
| v. | : |
|  | : |
| Asset Acceptance, LLC; First National | : **COMPLAINT** |
| Collection Bureau, Inc.; and DOES 1-10, | : |
| inclusive, | : |
| Defendants. | : |
|  | : |

For this Complaint, the Plaintiff, Cynthia Alexander-Stokes, by undersigned counsel, states as follows:

## JURISDICTION

1.       This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.       Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.       The Plaintiff, Cynthia Alexander-Stokes ("Plaintiff"), is an adult individual residing in Silver Spring, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.       Defendant, Asset Acceptance, LLC ("Asset"), is a Michigan business entity with

an address of 28405 Van Dyke Avenue, Warren, Michigan 48093, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Defendant, First National Collection Bureau, Inc. ("FNCB"), is a Nevada business entity with an address of 610 Waltham Way, McCarran, Nevada 89434, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7.      Does 1-10 (the "Collectors") are individual collectors employed by Asset and/or FNCB and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.      Asset and FNCB at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

9.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to Chase Bank (the "Creditor").

10.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.     The Debt was purchased, assigned or transferred to Asset for collection, or Asset was employed by the Creditor to collect the Debt.

12.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Asset Engages in Harassment and Abusive Tactics

13.     In March 2011, Plaintiff and Asset came to an agreement wherein Plaintiff would pay a settlement amount of $11,473.86 by making monthly payments of $273.18 to Asset by the 21st of each month.

2

14.     Within the last year, Asset and FNCB contacted the Plaintiff in an attempt to collect the Debt.

15.     The letters from Asset are inconsistent with the letters from FNCB regarding the balance of the Debt.

16.     In addition, both Asset and FNCB give balances on the Debt that do not reflect the prior settlement agreement amount that Plaintiff initially agreed upon with Asset.

17.     Asset told Plaintiff that the balance of the Debt was more than provided in FNCB's letters due to "attorney's fees."  However, FNCB told Plaintiff that Asset was giving Plaintiff the wrong amount.  This caused Plaintiff further stress and confusion.

**C.  Plaintiff Suffered Actual Damages**

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.***

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a

3

debt.

23.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the amount of the Debt.

24.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

27.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA.

28.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4.  Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff; and

5.  Such other and further relief as may be just and proper.

4

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 23, 2013

Respectfully submitted,

By   */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF